

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-76,219-01

### EX PARTE ANTONIO MARKEITH O'NEAL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 59CR1100-HC IN THE 6TH DISTRICT COURT
### FROM RED RIVER COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to ninety-nine years' imprisonment.

Applicant contends, among other things, that he was denied his right to appeal this conviction because appellate counsel failed to timely file a notice of appeal. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court has determined that Applicant's appellate counsel died in an accident on or about May 28, 2002. Although the reasons for appellate counsel's failure to timely file notice of

appeal cannot be ascertained, it is clear that Applicant expressed a desire to appeal this conviction, and that appellate counsel made an attempt to timely file notice of appeal in this case. Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 59-CR-11-00 from the 6th District Court of Red River County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues. Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 30, 2013
Do not publish